# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ADAM PICONE, | ) | CASE NO. 4:15cv2033 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES MARSHAL SERVICE, | ) | |
| et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Northeast Ohio Correctional Center ("NEOCC") to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 12 ["NEOCC MTD"].) Also before the Court is the motion of defendant United States Marshal Service ("USMS") to dismiss the complaint, which is brought under Rules 12(b)(5) and (6). (Doc. No. 16 ["USMC MTD"].) The motions are unopposed. For the reasons that follow, USMC's motion is granted in full, and NEOCC's motion is granted in part.

## I. BACKGROUND

Plaintiff Adam Picone ("plaintiff" or "Picone") filed a pro se complaint against NEOCC and the USMC in the United States District Court for the Western District of Pennsylvania. (Doc. No. 1-1 (Complaint ["Compl."]).) On September 30, 2015, the matter was transferred to the United States District Court for the Northern District of Ohio. (Doc. No. 5 (Memorandum Order of Transfer).)

Plaintiff is a federal pretrial detainee housed at NEOCC. (Compl. at 7[1].) Plaintiff's complaint contains scant detail. In this pleading, plaintiff alleges that he has "a terrible amount of blood coming out of [him . . .] with every bowel movement." (*Id*. at 8.) He claims that he has contacted the prison nurse on many occasions, and filed grievances, but his medical issues remain unresolved. (*Id*.) He indicates that he "need[s] medical treatment immediately," and he request assistance of counsel to evaluate his damages. (*Id*. at 9.)

Plaintiff has also sought injunctive relief, and his motion for a temporary restraining order and appointment of counsel (Doc. No. 20 ["TRO Mot."]) provides insight into the nature of his claim. In support of his request for injunctive relief, plaintiff indicates that he seeks an order from the Court requiring the prison to refer him to a different specialist for the purpose of obtaining a second opinion, because the specialist who is currently treating his condition is "rude, disrespectful, discourteous, bad-mannered, offensive, and dismissive." (*Id*. at 120.) He complains that the gastroenterologist currently assigned to his case refuses to speak directly to him and has performed colonoscopies on him on "4 different occasions and yet still does not provide Picone with a specific plan to treat his condition going forward." (*Id*.) He accuses his treating physician of taking "a less efficacious route" in order to maintain "the status quo[.]" (*Id*. at 120-21.) It is plaintiff's belief that the treating physician has been deliberately indifferent to his medical needs. (*Id*. at 119, 121.)

On August 10, 2016, attorney Edward J. Hartwig entered an appearance on behalf of

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

plaintiff.[2] (Doc. No. 24 (Notice of Appearance).) Notwithstanding the fact that plaintiff is now represented by counsel, plaintiff continues to place pro se filings on the docket. (*See* Doc. No. 25 (supplement to motion for injunctive relief).) In his supplement to his motion for a temporary restraining order, plaintiff explains that he is attempting to prohibit his treating gastroenterologist from ordering further "brutal and unpleasant colonoscopies" that he believes are "unending, unproductive, and futile[.]" (*Id*. at 148.)

## I.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874-75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint") (quotation marks and citations omitted); *see also Williams v. CitiMortgage, Inc.*, 498

---

[2] Following the filing of the notice of appearance, the Magistrate Judge denied plaintiff's motion for the appointment of counsel as moot. (Non-Document Order, dated Aug. 10, 2016.) Counsel has not moved for leave to respond to defendants' Rule 12 motions, and the time for responding has passed.

F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document") (quotation marks and citation omitted).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

While plaintiff is now represented by counsel, his initial complaint, and his subsequent filings, were filed pro se, and the Court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quotation marks, emphasis, and citation omitted).

## II. USMC'S MOTION TO DISMISS

The Court construes plaintiff's complaint as attempting to raise a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), because a "*Bivens* action arises out of a violation of an individual's federal

4

constitutional rights by one who is acting under color of federal law." *Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (per curiam) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 n.1 (6th Cir. 2000)). Moreover, while plaintiff appears to ground his claim of "deliberate indifference" in the Eighth Amendment (*see* TRO Mot. at 121), any such action should be viewed as a due process claim under the Fourteenth Amendment inasmuch as plaintiff is a federal pretrial detainee. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) ("The Eighth Amendment does not apply to pretrial detainees. Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners.") (citing *City of Revere v. Mass Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983)).

According to USMC, plaintiff cannot maintain a *Bivens* action against it for two reasons. First, the agency observes that the United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-92, 61 S. Ct. 767, 85 L. Ed. 1058 (1941) (citations omitted). Because a claim against a federal agency, like the USMC, is essentially a suit against the United States, such suits are also barred unless immunity has been waived. *Fed. Deposit Ins. Corp v. Meyer*, 510 U.S. 471, 475-76, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (citations omitted). The United States has not waived sovereign immunity for itself or its agencies for a *Bivens* action. *See id.* at 484-86. Therefore, plaintiff's *Bivens* claim against USMC must be dismissed. *See, e.g., Kimball v. Bureau of Prisons*, No. 4:13cv225, 2013 WL 3098900, at *3 (N.D. Ohio June 19, 2013) (dismissing *Bivens* claim against Bureau of Prisons on the basis of immunity) (citing *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003)).

Additionally, plaintiff has advanced no allegations that USMC played any role in the care

5

and treatment plaintiff received at NEOCC, and this fact provides the second basis to grant the USMC's dispositive motion. The theory of *respondeat superior* does not apply in *Bivens* suits. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Rather, liability must be based on personal involvement in the alleged wrongdoing. *See Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014). There are no allegations that USMC was responsible for the operation of NEOCC or the medical care that plaintiff received while housed there, or that the medical treatment was administered pursuant to a policy implemented by the USMC. Accordingly, plaintiff's *Bivens* claim cannot be based on the fact that Corrections Corporation of America ("CCA") has a contractual relationship with the USMC to house pretrial detainees. *See Mullins v. Hainesworth*, 66 F.3d 326 (6th Cir. Sept. 20, 1995) (Table), 1995 WL 559381, at *1 ("Liability [for prisoner's deliberate indifference claim] cannot be established absent a clear showing that the defendants were personally involved in the activity forming the basis of the alleged unconstitutional behavior.") (citing *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)); *see, e.g., Kimball*, No. 4:13cv225, 2013 WL 3098900, at *3-4 (BOP employees were not liable for medical treatment received in private prison); *Rojas v. U.S. Marshal Serv*., No. 2:07-CV-0325 PS, 2007 WL 4287573, at *5 (N.D. Ind. Dec. 5, 2007) (USMC cannot be held liable simply because the prison is holding plaintiff for this agency) (citing *Ghandi v. Police Dep't of the City of Detroit*, 747 F.2d 338, 344 (6th Cir. 1984)).

For both of the foregoing reasons, the motion to dismiss of defendant USMC is granted.

### III. NEOCC's Motion to Dismiss

#### A.    NEOCC is not a Proper Party

NEOCC also seeks dismissal from this action. NEOCC is a private prison owned and operated by CCA, a private corporation. "The Federal Bureau of Prisons has contracted with

[CCA] to house and provide services to federal prisoners." *Ayon*, 478 F. App'x at 1000. There is nothing in the record to suggest that NEOCC has a separate legal existence that can either sue or be sued. Since NEOCC is a non-jural entity, a claim cannot be sustained against it. *See, e.g., Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14CV1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015) (dismissing NEOCC because it is a "non-jural entity" that "cannot sue nor be sued as a separate legal entity") (quotation marks and citation omitted).

While CCA is a legal entity, it, too, cannot be sued for damages under *Bivens*. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 70-74, 122 S. Ct. 515, 521, 151 L. Ed. 2d 456 (2001). In *Malesko*, the Court reasoned that the purpose of *Bivens* was to deter individual federal officers from violating the constitutional rights of prisoners, not to offer an avenue for collecting damages from legal entities like private corporations that operate penal institutions. *Id.*; *see, e.g., Bush v. Corr. Corp. of Am.*, No. 4:16CV0596, 2016 WL 3348447, at *2 (N.D. Ohio June 16, 2016) (CCA and NEOCC could not be sued in *Bivens* action) (citing *Malesko*, 534 U.S. at 70-74).

Additionally, the Supreme Court has more recently ruled that a federal prisoner cannot maintain a *Bivens* action for damages against employees of private prisons, so long as the prisoner has adequate state court remedies available to address his injuries. *Minneci v. Pollard*, --U.S.--, 132 S. Ct. 617, 624-26, 181 L. Ed. 2d 606 (2012). In rejecting the federal prisoner's *Bivens* claim against employees of a private prison, the Court found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located[,]" including Ohio. *Id.* at 624 (citations to federal prison report, and state case law, omitted). Because plaintiff has an adequate remedy in the form of a medical

7

malpractice action under Ohio tort law, he cannot maintain a *Bivens* action for monetary relief against CCA or its employees.[3] *See id.*; *see, e.g., Bush*, 2016 WL 3348447, at *2.

### B.    Request for Injunctive Relief

Plaintiff has also sought injunctive relief. Individuals have a right to sue to enjoin officials from violating their constitutional rights, and this right extends to federal inmates. *See Farmer v. Brennan*, 511 U.S. 825, 845, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (observing that a prisoner who believes that he is being subjected to a substantial risk of serious injury, due to officials' failure to protect him from such injury, may bring an action seeking an injunction to eradicate the constitutional violation) (citations omitted); *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 772 (6th Cir. 2002) (noting that a federal court may grant a prisoner injunctive relief to prevent an impending harm) (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)); *see, e.g., Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (construing federal inmate's pro se complaint as "requesting injunctive relief from violation of his federal constitutional rights").

While the Supreme Court's decision in *Minneci* would preclude a *Bivens* action for damages against an employee of a private prison, it would not preclude a suit for injunctive relief against such an individual. *See Diaz v. Dixon*, No. 5:13-CV-130-C, 2014 WL 1744110, at *4 (N.D. Tex. May 1, 2014) (action for injunctive relief against private prison warden, in the form

---

[3] While plaintiff's motion for a temporary restraining order suggests that the behavior of his treating gastroenterologist is "both negligent and deliberately indifferent[,]" the Court does not understand plaintiff to be raising a claim for medical malpractice under Ohio tort law. (TRO Mot. at 121.) Plaintiff did not bring suit against the treating physician. Further, "[t]he elements of a medical malpractice claim under Ohio law differ significantly from the elements of an Eighth Amendment claim." *Henry v. Clermont Cnty. Ohio*, No. C-1-04-320, 2005 WL 1076169, at *4 (S.D. Ohio May 6, 2005) (observing that an Ohio medical malpractice claim requires proof that a medical professional, owing a duty of care, failed to meet a recognized standard of care, resulting in injuries to the patient) (citing *Hinkle v. Cleveland Clinic Found.*, 823 N.E.2d 945, 958 (Ohio Ct. App. 2004)). Even with the application of a liberal interpretation of plaintiff's pro se pleadings, in the absence of allegations supporting the essential elements, the Court cannot construe the complaint as raising such a claim.

of referring prisoner to outside specialist to determine cause of rectal bleeding, was not barred by *Bivens* or *Minneci*); *Mercado v. Pugh*, No. 4:13cv2205, 2013 WL 5739761, at *3 (N.D. Ohio Oct. 22, 2013) (noting that "the Supreme Court's decision in *Minneci* does not preclude Plaintiff's suit for injunctive relief") (citations omitted); *Avendano v. B.O.P. Director*, No. 4:12cv3045, 2013 WL 2209450 (N.D. Ohio May 20, 2013) (similar ruling); *Hernandez v. Dixon*, Civil Action No. 5:12-CV-70-BG ECF, 2012 WL 6839329, at *2 (N.D. Tex. Dec. 12, 2012) ("To hold that *Minneci* precludes federal courts from hearing actions filed by federal prisoners for injunctive relief from Eighth Amendment violations would contravene the 'established practice . . . to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution.'") (quoting *Bell v. Hood*, 327 U.S. 678, 684, 66 S. Ct. 773, 90 L. Ed. 2d 939 (1946)); *see also Malesko*, 534 U.S. at 74 (distinguishing the *Bivens* remedy from suits for injunctive relief, which have "long been recognized as the proper means for preventing entities from acting unconstitutionally").

The Court previously referred plaintiff's motion for injunctive relief to the assigned Magistrate Judge for the preparation of a Report and Recommendation. The fact remains, however, that, with the dismissal of the USMC and NEOCC, there remains no proper party plaintiff can seek to enjoin. Accordingly, the Court will grant plaintiff leave to amend his complaint to bring his *Bivens* claim for injunctive relief against the appropriate prison official at NEOCC.

## IV. CONCLUSION

For all of the foregoing reasons, USMC's motion to dismiss (Doc. No. 16) is granted, and the USMC is dismissed from this action. Additionally, NEOCC's motion to dismiss is granted in part, and NEOCC is likewise dismissed from this action. Plaintiff shall have leave until October

31, 2016 to amend his complaint to bring his federal claim for injunctive relief against the appropriate prison official at NEOCC. Should plaintiff fail to file a timely amended complaint, the Court will dismiss without prejudice plaintiff's federal claim for an injunction.

**IT IS SO ORDERED**.

Dated: September 21, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**